**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KATHLEEN GILLUM, surviving
spouse and executor of the estate of
Donald Gillum,

       Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

       Defendant-Appellee.

No. 08-6049
(D.C. No. 5:07-cv-00313-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

In this Federal Tort Claims Act medical malpractice action, Kathleen

Gillum, as the surviving spouse and executor of the estate of Donald Gillum,

appeals the district court's exclusion of her expert witness's testimony and the

resulting grant of summary judgment to the United States. We have jurisdiction

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291. Because the district court abused its discretion in excluding the witness's testimony, we REVERSE and REMAND for further proceedings.

## *Background*

Mr. Gillum suffered from lung cancer. In June 2004, the physician seeing him at the Veterans Affairs Medical Clinic in Oklahoma City ordered an MRI. The report showed the presence of cancer in Mr. Gillum's spine, indicating the cancer had begun spreading, but the report never was placed in his file and the results were never communicated to the Gillums. It was not until October 2004 that the metastasis was diagnosed and palliative treatment commenced. By that point, the cancer had spread further. Mr. Gillum went into hospice care in February 2005 and passed away several weeks later.

Mrs. Gillum conceded that her husband's metastatic cancer was not curable and would not have been curable even if it had been discovered in June 2004. Rather, she brought suit on the theory that the negligent delay in diagnosing the metastasis and beginning palliative treatment caused Mr. Gillum more pain and suffering and decreased the quality of his remaining life. In establishing the litigation schedule, the court ordered Mrs. Gillum to submit her expert reports by October 20, 2007. Discovery cutoff was February 15, 2008, and trial was set for March 10, 2008.

On October 18, 2007, Mrs. Gillum named John Eckardt, M.D. as her expert witness. About a month later, Dr. Eckardt submitted a brief report opining, "[a]lthough Mr. Gillum was not curable when his cancer returned, he did have a delay in beginning palliative treatment. Because of the delay, Mr. Gillum's cancer spread and caused him more pain and suffering and decreased the quality of his remaining life." Aplt. App. at 66. The report did not explain the reasons for these conclusions and did not contain other information required by Federal Rule of Civil Procedure 26(a)(2)(B), such as a list of other cases in which Dr. Eckardt had testified as an expert witness. After obtaining some additional information from Mrs. Gillum's counsel and undertaking his own research, the government's counsel took Dr. Eckardt's deposition on December 3.

Ultimately, the United States filed under Federal Rule of Civil Procedure 37(c)(1) a motion in limine to exclude Dr. Eckardt's testimony because his written report failed to comply with Rule 26(a)(2) and counsel could not adequately prepare for the December 3 deposition. It also filed a motion for summary judgment arguing that Mrs. Gillum's suit could not proceed without Dr. Eckardt's testimony to establish her prima facie case. At a hearing on the motion, the district court found that the United States had established prejudice from the insufficient report and that the prejudice could not be cured. The court granted the motion in limine and then granted summary judgment to the United States because of the lack of expert medical testimony. Mrs. Gillum appeals.

-3-

## *Analysis*

Federal Rule of Civil Procedure 26(a)(2) addresses expert witness

discovery. A party must not only disclose the identity of its expert witness,

Fed. R. Civ. P. 26(a)(2)(A), but also provide a written expert report that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Further, Rules 26(e)(1) and (2) require a party to

supplement the expert's written report and deposition testimony where the prior

information "is incomplete or incorrect, and if the additional or corrective

information has not otherwise been made known to the other parties during the

discovery process or in writing." Rule 37 addresses failures to comply with the

discovery provisions: "If a party fails to provide information or identify a

witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

There is no question that the written report did not comply with the requirements of Rule 26(a)(2)(B). Thus, the issue before us is whether the district court erred in determining that the failure was not harmless. Our review is for abuse of discretion. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "Under this standard, we will not reverse unless the trial court has made an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Id.* at 992 (quotation omitted). "Nevertheless, we can hold the district court abused its discretion if the decision is based on an erroneous conclusion of law, or would result in fundamental unfairness in the trial of the case." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (citation and quotations omitted). Several factors guide the Rule 37(c)(1) determination: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc.*, 170 F.3d at 993.

The district court found that the United States established prejudice from being unable to adequately prepare for Dr. Eckardt's deposition. The court also found that the prejudice could not be cured:

The ability to cure the prejudice in the sense of ability to start from square one and confront the expert and plan for an effective deposition is obviously not there anymore. It's an unrecoverable situation. You only get one chance to confront that expert, if you will, flat-footed, with the benefit of the homework that you can do before you take that expert deposition, and that opportunity is now gone permanently in this case.

Aplt. App. at 425. For the third factor, addressing trial disruption, the court found that "[t]he schedule would be disrupted if we were to open up the case for new rounds of expert work, which might well result from wholesale introduction or admission of the matters which have been brought up now even after the deposition of Dr. Eckardt." *Id.* With regard to the fourth factor, the court found no bad faith or willfulness.

We conclude that the district court abused its discretion in analyzing the "cure" factor. Particularly, the court improperly focused on the fact that the inadequate report permanently deprived the United States of the opportunity to confront Dr. Eckardt "flat-footed" at his deposition. This is not the type of prejudice that justifies the exclusion of an expert's testimony. The parties to a litigation are not merely players in a game, trying to catch each other out. Rather, litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits.

The hearing on the motion in limine was held at the end of January 2008, before the end of the discovery period. By that point, the United States knew the substance of Dr. Eckardt's expected testimony. *See Jacobsen*, 287 F.3d at 953

("[T]o avoid prejudice [plaintiff] needed to know the substance of the experts' testimony."). Beyond the inadequate report, the United States had Dr. Eckardt's deposition and Mrs. Gillum's response to the motion in limine, which also discussed the reasons and bases for Dr. Eckardt's conclusion. We do not contest that the United States's attorney was hampered in preparing for Dr. Eckardt's deposition. Importantly, however, Mrs. Gillum had arranged for Dr. Eckardt to be available for a second deposition before the end of the discovery period. Thus, any prejudice accruing to the United States from an inadequate opportunity to prepare for the first deposition was capable of being cured. *Cf. Woodworker's Supply, Inc.*, 170 F.3d at 993 (holding that the court gave the defendant "a significant opportunity to cure" by allowing counsel to cross-examine the witness outside of the jury's presence). Further, to the extent that the second deposition was required because of the inadequate report, the court could order that Mrs. Gillum bear the costs of the second deposition.

We acknowledge the force of the district court's concerns that Mrs. Gillum's piecemeal disclosures ignored the policies behind Rule 26(a)(2). By no means do we condone the provision of inadequate expert reports and begrudging snippets of information, and we caution that parties who behave in this manner act to their peril. Under the circumstances of this case, however, the total exclusion of Dr. Eckardt's testimony, which necessarily resulted in the grant of summary judgment for the United States, was too extreme a sanction. *See*

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) ("Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." (quotation omitted)).

Ms. Gillum's motion to file exhibits not admitted in the district court is GRANTED. The judgment of the district court is REVERSED and the case is REMANDED for further proceedings.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge